ELDRIDGE v. LANE AND ROSEVELT.

IN Chancery.

The case was, that on the 10th of March, A. D. 1783, the petitioner, together with one Joshua Wells and Samuel Doud, became obligated to Jared Lane, one of the respondents, in the sum of £167 16s. lawful money.   Wells and Doud, in consideration that the petitioner had become bound for them, on the same day executed to him an indemnifying bond, of sufficient amount to save him harmless.   In March, 1784, Lane put the said obligation in suit, and recovered a judgment for £180 4s. 11d.   The execution was levied on the petitioner's lands, and the whole contents satisfied with his property.   In September, 1784, the petitioner recovered judgment against Wells and Doud, on the indemnifying bond, for £203 3s. 4d. and £115 1s. 10d. on another obligation against them.   On the 28th day of January, A. D. 1785, the petitioner caused the executions which issued on those two judgments, to be levied on a farm of land belonging to Doud, which on the 21st day of June, 1777, was mortgaged by Doud to Lane, to secure the sum of £350 lawful money, and interest, due by bond of the same date, and payable the 20th day of June, 1779.   A payment had been made on this bond, acknowledged by a receipt in these words. —" Received of Mr. Samuel Doud, this 14th day of October, 1778, the interest of a bond given by said Doud, dated June 21st, 1777, and due June 20th, 1779, and is for the sum of £350 lawful money; likewise £250 of the principal of said bond — received this day, etc.

" JARED LANE."

The petitioner supposed at the time of levying his execu-

tions, there was no greater lien upon the land than £100 and the interest thereof from the 20th of June, 1779.    This land was appraised to the petitioner at the sum of his two executions, under the supposed incumbrance of £100 only. After the petitioner had completed his levy on the land, Doud, with a design to defraud the petitioner, came to an agreement with Lane to admit there was still due on the mortgage about £400 and to relinquish all right and title to the equity of redemption, and surrender the mortgaged land to Lane, in satisfaction of what was then due.    This agreement was carried into execution by the parties, according to the forms of law.

That at the time the petitioner levied his executions on this land there was not, nor had there been at any time afterwards, any other estate of Doud or Wells, which he could obtain:    And that, in all these transactions, Lane acted for Isaac Rosevelt, of the city of New York; to whom he had conveyed, by deed of release, all his title to said lands.

It also appeared, that the payment made on the bond, and acknowledged by the receipt as lawful money, was in fact continental money, about seven-eighths depreciated.

The prayer of the petition was, that Lane and Rosevelt be compelled, under a suitable penalty, to quitclaim said land to the petitioner, on payment of the sum of £100 and the interest thereof from the 20th of June, 1779.

The court decreed, that the petitioner might redeem upon paying the amount of the mortgage moneys due, deducting the payment made by Doud, at the nominal sum.